# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Jack Collins, III,                                        Civil No. 11-19 SRN/AJB

                Plaintiff,

                                 **REPORT AND RECOMMENDATION**
v.                        **ON DEFENDANT'S MOTION TO DISMISS**

Dakota County District Court,

                Defendant.


    Jack Collins, III, 3860 Hamilton Street, Apt. 6, Burnsville, MN 55337, pro se plaintiff;

    Thomas C. Vasaly, Assistant MN Attorney General, for defendant Dakota County District Court.


    This action is before the court, Chief Magistrate Judge Arthur J. Boylan, on defendant's Motion to Dismiss Complaint [Docket No. 3].  Hearing on the motion was held on March 31, 2011, at the United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415.  The case has been referred to the magistrate judge for report and recommendation under 28 U.S.C. §636(b)(1).   It is the court's determination herein that defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b) should be granted.

**Pleadings and Claims**

    Plaintiff Jack Collins filed a form complaint on January 5, 2011, in which he alleged federal question jurisdiction based upon a notice of sentence expiration and restoration of civil rights.  In a Statement of Claim(s) he alleges: (7)[1] no rights and duties in public and state of

---

[1] Numbering is pursuant to directions in the form complaint.

everyday conduct; (8) having to sign and reg. at the police and at my home; (9) mechanism for communication (cochlear implants) on police.  No voice on.  Minnesota Statutes 2006, Section 243.166 subdivision (H.F. No. 1043 insert); (10) having a court date January 14, 2011 8:30 a.m. with Richard G. Spicer Judge of District Court. For not being in compliance; and (11) lost of wages (hardship) time in jail.  The Request for Relief is: (no jail) help me out of hardship. Plaintiff attached as a complaint exhibit a document that was issued to Jack Collins by the Minnesota Department of Corrections and is entitled "Notice of Sentence Expiration and Restoration of Civil Rights."

        The complaint was served and the defendant responded by filing the motion to dismiss that is presently before the court.  Defendant asserts that it is a part of the judicial branch of the government of the State of Minnesota and has not consented to suit in federal court, and any claims that may have been stated in the complaint are therefore barred under the Eleventh Amendment.  Defendant further argues that the complaint fails to state a cause of action against it and should be dismissed on that ground as well.  Plaintiff did not submit a memorandum response to the motion to dismiss, but rather, he filed a "Motion" [Docket No. 8] in which he states "that 609.165 Minn. Statutes (Fed?)  Plus H.F. No-763 (first engrossment), s[h]ould dismiss 243.166 Minn. Statutes.  State of Minn. v. Jack Collins court file No. 05056596 s[h]ould be awarded. 1 year 80 days. Dec. 6, 2006."  In an accompanying Memorandum of Law plaintiff references cochlear ear implants that he has had for 10 years and states that he has been off probation as of 2-11-09.  The essence of the memorandum appears to be plaintiff's objection to being made to go in and out of state prison and county jail on level 2 sex offender charges after having his civil rights restored.  The defendant appropriately interpreted the plaintiff's "Motion"

2

as a statement of his objection to predatory offender registration requirements under Minn. Stat.

§ 243.166, and argued that the motion neither clarified the basis for his complaint nor responded

to the motion to dismiss.  Plaintiff thereafter submitted an additional "Motion for Guidance for

Industry and F.D.A. Staff" [Docket No. 14] in which he states that his ear implants were used to

conduct electronic eavesdropping.  He again referenced his ear implants in an accompanying

memorandum and attached exhibits relating to restoration of civil rights, correspondence from

the State Public Defender, and other documents of unclear significance.

**Standard of Review**

On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction the

defendant must successfully challenge the complaint either on its face or through an attack on

truthfulness of the factual allegations.  Ringsred v. City of Duluth, 187 F.Supp.2d 1141, 1153 (D.

Minn. 2001).  In a facial challenge to subject matter jurisdiction the fact allegations are accepted

as true and court merely asks whether jurisdiction exists under the circumstances.  Id. (citing

Deuser v. Vecera, 139 F.3d 1190, 1191 (8th Cir. 1998) and Berkovitz v. United States, 486 U.S.

531, 540, 108 S.Ct. 1954 (1988)).  Pro se pleadings are held to a less stringent standard than

attorney drafted pleadings.  Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596 (1972).

**Eleventh Amendment Immunity**

Defendant Dakota County District Court  moves to dismiss pursuant to Fed. R.

Civ. P. 12(b)(1), lack of subject-matter jurisdiction.  The state contends that the suit is barred

under the Eleventh Amendment because it has not consented to a suit of this nature.

Alternatively, the state asserts that the complaint should be dismissed pursuant to Rule 12(b)(6)

for failure to state a cause of action for which relief can be granted.  It is the court's

determination that this case is barred under the Eleventh Amendment and the matter should therefore be dismissed for lack of subject matter jurisdiction.

The Eleventh Amendment prohibits suit against the State.  With regard to such immunity the Supreme Court has said:

> "That a State may not be sued without its consent is a fundamental rule of jurisprudence having so important a bearing upon the construction of the Constitution of the United States that it has become established by repeated decisions of this court that *the entire judicial power granted by the Constitution does not embrace authority to entertain a suit brought by private parties against a State without consent given*: not one brought by citizens of another State, or by citizens or subjects of a foreign State, because of the Eleventh Amendment; and not even one brought by its own citizens, because of the fundamental rule of which the Amendment is but an exemplification."

Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98, 104 S.Ct. 900 (1984) (quoting Ex parte State of New York No. 1, 256 U.S. 490, 497, 41 S.Ct. 588, 589 (1921)).  Sovereign immunity may be waived by the State or abrogated by Congress, but such consent or abrogation must be unequivocally expressed.  Pennhurst at 99.  A waiver of immunity by the state is found "only where stated 'by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.'" DeGidio v. Perpich, 612 F.Supp. 1383, 1389 (1985)(citations omitted).  The State of Minnesota asserts that it has not waived Eleventh Amendment immunity with respect to claims in the case and plaintiff offers no argument or authority to the contrary.

The state court is a part of the state and as such is protect by Eleventh Amendment immunity from suit.  Harris v. Missouri Court of Appeals, 787 F.2d 427, 429 (8th Cir. 1986), Eaton v. Minnesota Attorney General's Office, 2010 WL 3724398, *3 (D.Minn. Aug.

4

26, 2010).  Furthermore, the court finds no basis upon which to conclude that Congress has

abrogated the state's sovereign immunity with respect to claims in this case.  See Moore v.

Plock, et al., 2010 WL 2179520 (8th Cir., June 2, 2010)(unpublished opinion).  The court lacks

subject matter jurisdiction in this matter as a result of the defendant's Eleventh Amendment

immunity, and the motion to dismiss should therefore be granted.

## RECOMMENDATION

Based upon the foregoing discussion and conclusions, the magistrate judge

**recommends** that defendant's Motion for Dismissal  [Docket No. 3] be **granted** and that the

complaint in this action be **dismissed** with prejudice.  It is **further recommended** that plaintiff's

Motion to/for 609.165 Minn. Statutes Section – H.F. No.763 (First Engrossment) be **denied**

[Docket No. 8] and that plaintiff's Motion for Guidance for Industry and F.D.A. Staff be **denied**.

[Docket No. 14].


Dated:   __March 31, 2011__


    s/ Arthur J. Boylan_____
Arthur J. Boylan
United States Chief Magistrate Judge



Pursuant to Local Rule 72.2(b), any party may object to this Report and
Recommendation by filing with the Clerk of Court, and by serving upon all parties, written
objections which specifically identify the portions of the Report to which objections are made
and the bases for each objection.  This Report and Recommendation does not constitute an order
or judgment from the District Court and it is therefore not directly appealable to the Circuit
Court of Appeals.  Written objections must be filed with the Court before April 15, 2011.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. §
636 to review a transcript of the hearing in order to resolve all objections made to this Report
and Recommendation, the party making the objections shall timely order and file a complete
transcript of the hearing within ten days of receipt of the Report.